<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INS. CO., GEICO INDEMNITY CO., et al., | |
| *Plaintiffs*, | Civil Action No. 14-8071 (MCA) |
| v. | OPINION |
| TRI- COUNTY NEUROLOGY AND REHABILITATION, LLC, et al., | |
| *Defendants*. | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co. and GEICO CASUALTY (collectively "GEICO" or "Plaintiffs") motion for reconsideration of this Court's November 30, 2015 Order and December 4, 2015 Opinion to the extent the Court granted Defendants' motion to dismiss Count One of Plaintiffs' Complaint with prejudice.  Dkt. No. 39.  Defendants Tri-County Neurology and Rehabilitation, LLC ("Tri-County"), Nabil Yazgi, M.D. ("Dr. Yazgi"), and Thomas Senatore, D.C. ("Dr. Senatore") (collectively, "Defendants") oppose the motion. Dkt. No. 44.  The Court decides the motion on the papers pursuant to Fed. R. Civ. P. 78.  For the reasons set forth herein, Plaintiffs' motion for reconsideration is **GRANTED**.

I. **BACKGROUND**

The facts of this case are set forth at length in the Court's December 4, 2015 Opinion ("December Opinion").  See Dkt. No. 38.  The below facts are relevant to this motion.

On December 29, 2014, Plaintiffs filed a Complaint asserting claims for declaratory judgment, violation of the New Jersey Insurance Fraud Prevention Act ("IFPA"), violation of RICO, common law fraud, and unjust enrichment, pertaining to an alleged scheme by Defendants to recover fraudulent personal injury protection ("PIP") benefits. Original Compl., Dkt. No. 1. On April 20, 2015, Defendants moved to dismiss Plaintiffs' Complaint in its entirety. Dkt. No. 23. The Court held oral argument on November 30, 2015, and granted Defendants' motion to dismiss Count One for declaratory judgment with prejudice,[1] and the remaining claims without prejudice. Dkt. No. 36.[2] On December 4, 2015, the Court issued a written Opinion to supplement its ruling on the record. December Opinion, Dkt. No. 38.

In the December Opinion, the Court, relying on Gov't Emps. Ins. Co. v. MLS Med. Group LLC, No. 12-7281, 2013 U.S. Dist. LEXIS 171983 (D.N.J. Dec. 6, 2013), and the Third Circuit's decision in Chiropractic Am. v. Lavecchia, 180 F.3d 99 (3d Cir. 1999), declined to exercise jurisdiction over Plaintiffs' declaratory judgment claim pursuant to Burford abstention. See December Opinion at 5-7. The Court first found that adequate and timely state law review was available to the parties through the statutorily mandated arbitration of PIP claims as set forth in N.J. Stat. Ann. § 39L6A-5.1(a). Id. at 7. Next, the Court found that adjudication of the PIP claims was a matter of public concern, that New Jersey's no-fault insurance scheme is a complex

---

[1] In Count One of the Original Complaint, Plaintiffs sought a declaration that GEICO is not obligated to pay $2,279,000.00 in pending PIP claims submitted by Tri-County to GEICO. Plaintiffs claimed that Tri-County has no right to receive payment for any pending bills submitted to GEICO because Tri-County and the services it provided were not in compliance with the law, the services were not medically necessary and were performed pursuant to pre-determined fraudulent protocols, and the billing codes used for the services misrepresented, unbundled and exaggerated the level of services that purportedly were provided in order to inflate charges submitted to GEICO. See Original Compl. ¶¶ 172-75, Dkt. No. 1

[2] On January 1, 2016, Plaintiffs filed an Amended Complaint re-pleading the claims that were dismissed without prejudice. See Am. Compl., Dkt. No. 42.

regulatory scheme, and that federal review would interfere with New Jersey's efforts to establish and maintain its no-fault insurance scheme. Id. at 7-8.

On December 14, 2015, Plaintiffs moved for reconsideration of this Court's Order and December Opinion to the extent it granted Defendants' motion to dismiss Count One for declaratory judgment with prejudice. Dkt. No. 39. Plaintiffs contend that the decision contains errors of law relating to Burford abstention, and that Defendants' motion to dismiss Count One should have been denied, or at the very least dismissed without prejudice. Id. For the reasons set forth below, the Court agrees.

## II. LEGAL STANDARD

Local Civil Rule 7.1 allows a party to seek a motion for reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). The purpose of a motion for reconsideration, "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). To prevail on a motion for reconsideration, the movant must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

## III. ANALYSIS

Plaintiffs seek reconsideration of this Court's December Opinion, claiming the Court erred by improperly: (1) applying a "state law review" standard rather than the proper "state-court review" in the first step of the Burford analysis; (2) shifting the burden to Plaintiffs to demonstrate that this "state law review" was unavailable; and (3) determining that Plaintiffs had

3

the ability to seek timely and adequate state law review of the issues underlying their declaratory judgment claim, when in fact they had no ability to seek timely and adequate state-court review of those issues.

Burford abstention "calls for a two-step analysis." Riley v. Simmons, 45 F.3d 764, 771 (3d Cir. 1995) (citing New Orleans Pub. Serv., Inc. v. Council of New Orleans ("NOPSI"), 491 U.S. 350, 361 (1989)). The first question is whether "timely and adequate state-court review" is available. Id. at 771. "Only if a district court determines that such review is available, should it turn to other issues and determine if the case before it involves difficult questions of state law impacting on the state's public policy or whether the district court's exercise of jurisdiction would have a disruptive effect on the state's efforts to establish a coherent public policy on a matter of important state concern." Id. The second prong of the Burford doctrine, as refined in NOPSI, requires a court to examine three issues: "(1) whether the particular regulatory scheme involves a matter of substantial public concern; (2) whether it is the sort of complex technical regulatory scheme to which the Burford abstention doctrine usually is applied; and (3) whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy." Chiropractic Am., 180 F.3d at 105.

Plaintiffs claim that the Court applied the wrong standard in step one of the Burford analysis when it found that "a court must determine whether timely and adequate state law review is available." The Court agrees.

In the December Opinion, the Court overlooked the majority of decisions in the Third Circuit and the District Court in which the "state court review" standard was routinely applied. See, e.g., Riley, 45 F.3d at 771; Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 F. App'x 135, 144 (3d Cir. 2010); Chiropractic Am., 180 F.3d at 104; Raritan Baykeeper, Inc. v.

4

NL Indus., 713 F. Supp. 2d 448, 457 (D.N.J. 2010). A careful review of Third Circuit law makes clear that "timely and adequate state court review" is the proper standard.

Applying that standard, the Court finds that there is timely and adequate state court-review available for Plaintiffs' declaratory judgment claim. Plaintiffs here are not directly challenging a particular PIP determination, and no party has elected to submit any singular dispute regarding recovery of PIP benefits to arbitration.[3] Rather, Plaintiffs are seeking a declaration that they are not obligated to reimburse Defendants for any pending PIP claims because of a fraudulent insurance scheme perpetrated by the doctors and/or owners that applies across the board to multiple PIP claims. Plaintiffs have also asserted violations of the IFPA, RICO, and common law fraud. New Jersey courts have jurisdiction to hear these matters, and have routinely adjudicated declaratory judgment claims in cases involving fraud and payment of PIP benefits. See, e.g., Allstate Ins. Co. v. Orthopedic Evaluations, Inc., 300 N.J. Super. 510 (Super. Ct. App. Div. 1997); Prudential Prop. & Cas. Ins. Co. of N.J. v. Nardone, 332 N.J. Super. 126, 128 (Super. Ct. 2000); Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 152, 117 A.3d 1221, 1234 (2015). In fact, New Jersey state courts routinely stay pending PIP arbitrations and enjoin parties from filing any new PIP arbitrations pending the disposition of an insurer's declaratory judgment and IFPA claims. See Gershenoff Decl. Exs. A, D, Dkt. Nos. 39-4, 39-7, Allstate Indemnity, et al. v. Yazgi, No. BER-L-6264-13 (Super. Ct. New Jersey 2014) (declaratory judgment and IFPA case involving same defendants as here); see also Gershenoff Decl. Ex. C

---

[3] If state court review was limited to arbitration and subsequent appeal to the New Jersey Superior Court, Appellate Division, the Court would be inclined to find that there was not adequate state court review available. In the arbitration, there would be no mechanism for Plaintiffs to obtain discovery on the licensing of the healthcare providers, billing practices, and the corporate structure and ownership interests of the Defendant entities, all of which are critical to Plaintiffs' declaratory judgment claim. Moreover, the limited review of arbitration awards by New Jersey state courts is limited and would be insufficient to adequately address the fraud issues raised here.

(collecting cases), Dkt. No. 39-6.[4] As such, there is adequate and timely state-court review available for the type of fraud claims Plaintiffs assert here.

Next, Plaintiffs claim the Court erred at step two of the Burford analysis. The second step of Burford provides that if there is state-court review available, the Court then examines three issues: (1) whether the particular regulatory scheme involves matters of substantial public concern, (2) whether it is the sort of complex, technical regulatory scheme to which Burford is usually applied, and (3) whether federal review of Plaintiffs' claims would interfere with New Jersey's efforts to establish and maintain a coherent regulatory policy. Chiropractic Am., 180 F.3d at 105. Plaintiffs claim the Court erred because adjudication of their declaratory judgment claim would not interfere with New Jersey's efforts to maintain a coherent PIP regulatory policy. Pls. Moving Br. at 15, Dkt. No. 39.

Plaintiffs concede, and the Court agrees, that the PIP regulatory scheme presents a matter of public concern. See December Opinion at 7. However, upon reconsideration, the Court finds that the second and third prong of the Burford analysis are not met.

In the December Opinion, this Court relied on the Third Circuit's decision Chiropractic Am., 180 F.3d at 105, to find that New Jersey's no-fault insurance scheme is the sort of complex regulatory scheme to which Burford abstention applies. The court in Chiropractic Am. abstained

---

[4] See, e.g., Allstate Indemnity Co. v. Burger, et al., BER-L-000627-13 (staying defendant healthcare providers' pending PIP arbitration, and enjoining them from filing any new PIP arbitration, pending disposition of insurer's declaratory judgment and IFPA claims); Allstate Ins. Co., et al. v. Market Street Surgical Ctr., LLC, et al., SOM-L-1108-11 (case involving allegations that healthcare providers had illegal corporate structure where court stayed defendants' pending PIP arbitration, and enjoining them from filing any new PIP arbitration, pending disposition of insurer's declaratory judgment and IFPA claims). Selective Ins. Co. of New Jersey v. Khanthan, et al., SSX-L-321-08; Selective Ins. Co of Am. v. Medical Alliances, LLC, 362 N.J. Super. 392, 394 (Law Div. 2003); Material Damage Adjustment Corp. v. Open MRI of Fairview, 352 N.J. Super. 216, 233-34 (Law Div. 2002); Prudential Property and Cas. Ins. Co. of New Jersey v. Nardone, 332 N.J. Super. 126, 128, 139 (Law Div. 2000); Allstate Ins. Co. v. Schick, 328 N.J. Super. 611, 615 (Law Div. 1999).

under Burford because the case involved a direct constitutional challenge to certain PIP regulations. See id. at 104-06. It involved a challenge to the scheme itself. Here, Plaintiffs are not challenging the validity of New Jersey's no-fault automobile insurance statute or the PIP regulations but rather the application of the statute to Defendants. This distinction is crucial.

The Third Circuit has held that "[t]o implicate the sort of technical, complex regulatory scheme to which Burford abstention is usually applied, the action must challenge the scheme itself, rather than just actions taken under color of the scheme." Culinary Serv. of Del. Valley, 385 F. App'x at 144 (citing Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 409-10 (3d Cir. 2005); Gwynedd Props., Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1202-03 (3d Cir. 1992); Izzo v. Borough of River Edge, 843 F.2d 765, 769 (3d Cir. 1988)).[5] Here, Plaintiffs are seeking a declaration that Defendants were not entitled to collect on any of its pending no-fault insurance billing because of Defendants' fraudulent conduct, including, but not limited to, an illegal practice structure, improper referrals, miscoded examinations, and unnecessary testing. This is not a challenge to the validity of New Jersey's no-fault automobile insurance statute or the PIP regulations. See, e.g., Culinary Serv. of Del. Valley, 385 F. App'x at 144 (holding factor not implicated because Plaintiffs are not challenging the validity of the gambling regulations but

---

[5] Courts outside this circuit faced with similar facts and claims have declined to abstain under Burford on similar grounds. See, e.g., Gov't Employees Ins. Co. v. Uptown Health Care Mgmt., Inc., 945 F. Supp. 2d 284, 290-291 (E.D.N.Y. 2013) (collecting cases, and concluding that Burford abstention did not apply because the plaintiffs "challenge[d] [the defendant's] fraudulent conduct, rather than New York's regulatory scheme"); State Farm Mutual Automobile Ins. Co. v. Mallela, 175 F. Supp. 2d 401 (E.D.N.Y. 2001) (holding abstention not warranted because "[t]his case [will] not involve federal courts in supervising, interrupting, or meddling in state policies by interfering in state regulatory matters"); Allstate Ins. v. Elzanaty, 916 F. Supp. 2d 273, 290 (E.D.N.Y. 2013) (holding Burford not appropriate because case doesn't challenge the regulatory framework or the State's authority with regard to licensing determinations); State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C., No. 14-11521, 2015 U.S. Dist. LEXIS 104332, at *1 (E.D. Mich. Aug. 10, 2015) (rejecting claim of Burford abstention that was based on argument that Michigan's no-fault law is "unique").

rather the application of the rules to the Games); see also Am. Express Travel Related Servs. Co. v. Sidamon-Eristoff, 755 F. Supp. 2d 556, 572 (D.N.J. 2010) (explaining "Burford abstention has no application when the Court is called upon to interpret an uncomplicated state statute"). Plaintiffs' declaratory judgment claim, therefore, does not implicate the type of complex, technical regulatory scheme to which Burford properly applies.

Finally, the Court must consider whether federal review of Plaintiffs' claims would interfere with New Jersey's efforts to establish and maintain a coherent regulatory policy. On reconsideration, the Court is satisfied that this standard is not met here. Nothing in the present case would interfere with New Jersey's efforts to maintain its no-fault automobile insurance regulations. This Court would apply the same substantive law that would be applied in a New Jersey state court proceeding to resolve Plaintiffs' claims.[6] Thus, federal review would not interfere with New Jersey's interest in a coherent scheme of regulation of the no-fault insurance industry.

Importantly, the Court notes that Burford abstention is the "extraordinary and narrow exception," not the rule, see Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982), and should be exercised only where the district court is sufficiently satisfied that withholding of jurisdiction is warranted. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). Here, upon review, the Court finds that Burford abstention is inappropriate in this case.[7]

---

[6] In addition, this Court will already be interpreting whether Defendants complied with New Jersey's no-fault insurance laws through Plaintiffs' claims in their Amended Complaint for IFPA, RICO, common law fraud, and unjust enrichment. See Am. Compl., Dkt. No. 42.

[7] The Court also notes that if Burford abstention was appropriate here, then an insurer would be able to sue an allegedly illegally-organized healthcare provider under the IFPA or RICO and seek to recover money it already paid to the healthcare provider, but then would be without any

8

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is **GRANTED**. Count One of Plaintiffs' Original Complaint is hereby reinstated.[8] Defendants shall file an answer to this Count by August 12, 2016. An appropriate Order accompanies this Opinion.

**Dated**: August 2, 2016

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

remedy to prevent the healthcare provider from continuing its fraudulent scheme and collecting outstanding unpaid bills. This is illogical.

[8] In opposition to Plaintiffs' motion for reconsideration, Defendants contend that even if Burford abstention was not appropriate, that on the record during oral argument the Court ruled that Plaintiffs failed to state a claim in Count One. The Court, however, did not dismiss Count One for failure to state a claim. Instead, it declined to exercise jurisdiction over the claim pursuant to Burford. See December Opinion at 8. Regardless, the Court finds that Plaintiffs have stated a plausible claim for relief in their declaratory judgment claim.